UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10120 PA (Ex) | Date | December 27, 2018 |
|---|---|---|---|
| Title | Jeffrey Rudin v. Jaguar Land Rover N. Am., LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Jaguar Land Rover North America, LLC ("JLRNA"). JLRNA asserts that this Court has jurisdiction over the action brought against it by plaintiff Jeffrey Rudin ("Plaintiff") on the basis of diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, the removing defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."). A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-10120 PA (Ex) | Date | December 27, 2018 |
|---|---|---|---|
| Title | Jeffrey Rudin v. Jaguar Land Rover N. Am., LLC | | |

      In an effort to establish its own citizenship, JLRNA alleges that it "is a single-member limited liability company with its principal place of business in the State of New Jersey. JLRNA is a subsidiary of Jaguar Land Rover Limited, a British company, which is in turn a subsidiary of Tata Motors Limited, an Indian company." (Notice of Removal at ¶ 12.) JLRNA has alleged only that it is a subsidiary of Jaguar Land Rover Limited, rather than the citizenship of JLRNA's "single member." Even if Jaguar Land Rover Limited is JLRNA's single member, JLRNA has still not sufficiently alleged its own citizenship because it has alleged only that Jaguar Land Rover Limited is a British company, and has not alleged its principal place of business. See Johnson, 437 F.3d at 899. A defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). By failing to allege its member's citizenship, JLRNA has failed to establish its own citizenship, and the Court cannot determine whether complete diversity of citizenship exists. Therefore, JLRNA has not established that this Court has diversity jurisdiction over this action.

      Accordingly, JLRNA has not met its burden to establish this Court's subject matter jurisdiction. The Court remands this action to Ventura County Superior Court, Case No. 56-2018-00519275-CU-BC-VTA. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.